**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHAEL SCOFIELD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WINDOW NATION, LLC,<br><br>Defendant. | Case No. 1:26-cv-03430-NYW |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Window Nation LLC ("Window Nation"), for its answer and affirmative defenses to Plaintiff Michael Scofield's putative Class Action Complaint (the "Complaint" or "Compl."), avers as follows:

**PRELIMINARY STATEMENT**

1. Denied as stated, except that Window Nation admits that Sections 2(6) and 2(9) of the Telephone Consumer Protection Act of 1991 contain the words quoted in this paragraph. By way of further response, any calls, and texts that Mr. Scofield received from Window Nation were at his express invitation, with his permission, and with his prior express written consent. On June 20, 2026, at 4:05 pm MDT, Mr. Scofield visited https://renovizehome.com/window-contractors-near-me, a website operated by QuinStreet, Inc., a company that, among other things, assists homeowners in obtaining information about products or services that may be helpful for their home improvement projects and other needs. While using the website, Mr. Scofield responded to the question, "What type of window project are you planning?" by clicking on an icon that stated, "replace window." He indicated that he wanted to replace "3-5" windows. He entered his home

address and his first and last name, then clicked on a button that said, "Let's Finalize Your Details." This brought him to a page titled "Share Your Contact Details." He entered his phone number beginning with a 970 area code and his email address. Directly below the two boxes where he entered this information, the following language appeared, which was obvious to the eye, plainly visible, and readily apparent to a reasonable consumer:

> By clicking "**Book with a pro finder**", I provide my express written consent and electronic signature authorizing Renovize Home and its Partners to contact me by phone call, SMS/text message, email, artificial intelligence (AI)-generated communications and prerecorded or automated technology at the contact information provided, even if my number is listed on a federal or state Do Not Call registry. Consent is not a condition of purchase. Message and date rates may apply. Reply STOP to opt out at any time. I also agree to the Privacy Policy, CCPA and Terms of Service.

Mr. Scofield clicked on a box next to this language, indicating that he had read it, then clicked on the "Book With A Pro Finder" button. Below that button was additional language informing Mr. Scofield that "Your information will only be used to match you with verified contractors ready to assist with your project."

The word "Partners" was in blue font, in contrast with the surrounding words in black font, which any reasonable consumer would understand indicated that the word contained a hyperlink. Had Mr. Scofield clicked on the hyperlink, he would have seen a list of home improvement contractors, including Window Nation, that he was authorizing to contact him regarding the window-replacement project he purported to be engaged in.

2. Window Nation admits that the cited decision, *Krakauer v. Dish Network L.L.C*, 925 F.3d 643 (4th Cir. 2019), contains the words quoted in this paragraph. Any allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is

deemed to be required, any such allegations are denied. By way of further response, the quoted language from the *Krakauer* decision ignores that individuals on the Do-Not-Call registry may expressly invite and permit, and expressly consent to, phone calls and text messages being made to them, despite being listed on the registry, as Mr. Scofield did in this case.

3. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed to be required, any allegations in this paragraph are denied. By way of further response, Window Nation denies that it violated the TCPA.

**PARTIES**

4. Admitted. By way of further response, Mr. Scofield entered an address in this District as his home address on the website https://renovizehome.com/window-contractors-near-me.

5. Admitted.

**JURISDICTION AND VENUE**

6. The allegations in this paragraph are conclusions of law to which no response is required.

7. The allegations in this paragraph are conclusions of law to which no response is required.

**THE TELEPHONE CONSUMER PROTECTION ACT**

8. The allegations in this paragraph are conclusions of law to which no response is required.

9. The allegations in this paragraph are conclusions of law to which no response is required.

10. The allegations in this paragraph are conclusions of law to which no response is required.

11. The allegations in this paragraph are conclusions of law to which no response is required.

12. The allegations in this paragraph are conclusions of law to which no response is required.

13. The allegations in this paragraph are conclusions of law to which no response is required.

14. The allegations in this paragraph are conclusions of law to which no response is required.

15. The allegations in this paragraph are conclusions of law to which no response is required.

## FACTUAL ALLEGATIONS

16. Admitted.

17. Window Nation is without knowledge or information sufficient to form a belief as to the allegations in this paragraph, except that Window Nation admits on information and belief that Mr. Scofield has used a cellphone with a telephone number beginning with a 970 area code. By way of further response, Mr. Scofield entered a telephone number beginning with a 970 area code when he provided his contact information on the Renovize website (see response to Paragraph 1 above). In addition, a representative of Window Nation called the telephone number beginning with the 970 area code on June 22, 2026, shortly after 4 pm local time, and Mr. Scofield answered the call. Mr. Scofield then proceeded to schedule a home visit with a representative of Window

Nation in order to discuss the window replacement project he claimed to be engaged in on the Renovize website.

18. Window Nation is without knowledge or information sufficient to form a belief as to the allegations in this paragraph.

19. Window Nation is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. By way of further response, notwithstanding that Mr. Scofield's phone number allegedly is listed on the Do Not Call registry, he expressly invited, permitted, and consented to Window Nation calling him about his purported window replacement project on the Renovize website.

20. Denied as stated. Mr. Scofield indicated that he was engaged in a window replacement project on the Renovize website, and expressly invited, permitted, and consented to Window Nation calling him about the project.

21. Denied as stated. Window Nation admits that it called and sent texts to Mr. Scofield between June 20 and June 22, 2026. All such calls and texts were at his express invitation and with his prior express written consent. Window Nation has not called or texted Mr. Scofield since June 22, 2026.

22. Denied. By way of further response, Window Nation admits that one of its employees, William Hodge, left Mr. Scofield a voicemail at approximately 4:15 local time on June 20, 2026. The voicemail was not prerecorded.

23. Denied.

24. Denied. By way of further response, the voicemail left by Mr. Hodge was not prerecorded and was made in response to Mr. Scofield inquiry about his purported window replacement project on the Renovize website.

25. Denied.

26. Window Nation is without knowledge or information sufficient to form a belief as to the allegations in this paragraph. By way of further response, Mr. Hodge's voicemail message was not prerecorded.

27. Denied. By way of further response, Mr. Scofield submitted an online request for information and pricing on windows on the Renovize website on June 20, 2026.

28. Window Nation admits that it made calls and sent text messages to Mr. Scofield between June 20 and June 22, 2026. By way of further response, all of these calls and text messages were made at Mr. Scofield's express invitation and with his written consent.

29. Window Nation admits that it made calls and sent text messages to Mr. Scofield between June 20 and June 22, 2026. By way of further response, all of these calls and text messages were made at Mr. Scofield's express invitation and with his written consent. Window Nation denies that it ever "hung up" a call that it made to Mr. Scofield.

30. Denied as stated. Window Nation denies that it called Mr. Scofield "incessantly and illegally." Window Nation further denies that Mr. Scofield was "unable to speak with someone [at Window Nation] to make an internal do not call request." By way of further response, Mr. Scofield spoke at length with two representatives of Window Nation on June 22, 2026. In that call, he made an appointment for a home visit from a Window Nation employee, whom he said he was "look[ing]

forward to meeting." He never once stated during this phone call, which lasted more than 12 minutes, that he wanted to be placed on Window Nation's internal do not call list.

31. Admitted.

32. Window Nation admits that after Mr. Scofield invited a Window Nation employee to visit his home, he told the employee that "he is on the national DNC list" and that "if we contact him anymore, he will be filing charges." Window Nation has not contacted Mr. Scofield by call or text since June 22, 2026, and has not contacted him in person since the home visit on June 23, 2026.

33. Denied. Window Nation has not contacted Mr. Scofield by call or text since June 22, 2026. Window Nation also denies that it called Mr. Scofield using the phone numbers 303-578-6090 or 720-409-0170 listed in this paragraph.

34. Window Nation is without knowledge or information to form a belief as to Mr. Scofield's counsel's claimed access to Caller ID databases. Window Nation denies that it called Mr. Scofield using the phone numbers 303-578-6090 or 720-409-0170 listed in this paragraph. To the extent this paragraph contains any additional allegations, such allegations are denied.

35. The allegations in this paragraph are conclusions of law, to which no response is required. To the extent a response is deemed to be required, the allegations in this paragraph are denied.

36. Window Nation denies that it called Mr. Scofield using the telephone numbers 303-578-6090 and 720-409-0170. Any additional allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is deemed to be required, the allegations in this paragraph are denied.

37. Denied as stated. Mr. Scofield indicated that he was engaged in a window replacement project on the Renovize website and expressly invited and consented to Window Nation calling him about the project.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## CLASS ACTION STATEMENT

47. Window Nation incorporates the foregoing responses by reference as if fully set forth herein.

48. Window Nation admits only that Mr. Scofield seeks to represent the proposed classes described in Paragraph 49. Window Nation denies that any of these proposed classes are appropriate for certification under Rule 23.

49. Window Nation admits only that Mr. Scofield seeks certification of the proposed classes described in this paragraph. Window Nation denies that any of these proposed classes are appropriate for certification under Rule 23

50. The allegations in this paragraph are conclusions of law to which no response is required.

51. The allegations in this paragraph are conclusions of law to which no response is required.

52. The allegations in this paragraph are conclusions of law to which no response is required.

53. The allegations in this paragraph are conclusions of law to which no response is required.

54. The allegations in this paragraph are conclusions of law to which no response is required.

55. The allegations in this paragraph are conclusions of law to which no response is required.

56. The allegations in this paragraph are conclusions of law to which no response is required.

57. The allegations in this paragraph are conclusions of law to which no response is required.

58. The allegations in this paragraph are conclusions of law to which no response is required.

59. The allegations in this paragraph are conclusions of law to which no response is required.

60. The allegations in this paragraph are conclusions of law to which no response is required.

61. The allegations in this paragraph are conclusions of law to which no response is required.

62. The allegations in this paragraph are conclusions of law to which no response is required.

63. The allegations in this paragraph are conclusions of law to which no response is required.

64. The allegations in this paragraph are conclusions of law to which no response is required.

**FIRST CAUSE OF ACTION**

65. Window Nation incorporates the foregoing responses by reference as if fully set forth herein.

66. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied. By way of further response, any calls, and texts to members of the proposed class were made at the express invitation, with their permission, and with their prior express written consent.

67. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied. By way of further response, any calls, and texts to members of the proposed class were made at the express invitation, with their permission, and with their prior express written consent.

68. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied. By

way of further response, any calls, and texts to members of the proposed class were made at the express invitation, with their permission, and with their prior express written consent.

69. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied. By way of further response, any calls, and texts to members of the proposed class were made at the express invitation, with their permission, and with their prior express written consent.

**SECOND CAUSE OF ACTION**

70. Window Nation incorporates the foregoing responses by reference as if fully set forth herein.

71. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

72. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

73. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

74. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

75. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

**THIRD CAUSE OF ACTION**

76. Window Nation incorporates the foregoing responses by reference as if fully set forth herein.

77. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

78. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

79. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

**FOURTH CAUSE OF ACTION**

80. Window Nation incorporates the foregoing responses by reference as if fully set forth herein.

81. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

82. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

83. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

84. The allegations in this paragraph are conclusions of law to which no response is required. If a response is deemed to be required, the allegations in this paragraph are denied.

**PLAINTIFF'S PRAYER FOR RELIEF**

Window Nation denies that Mr. Scofield or any member of any of the classes he proposes to represent are entitled to any of the relief sought in this action.

**GENERAL DENIAL**

Any allegations or averments not specifically admitted herein are denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Mr. Scofield's claims are barred in whole or in part by his lack of Article III standing and/or his lack of statutory standing.

### Second Affirmative Defense

Mr. Scofield's claims are barred in whole or in part by his failure to state a claim upon which relief may be granted and/or damages can be awarded.

### Third Affirmative Defense

Mr. Scofield's claims are barred in whole or in part by prior express consent, prior express invitation or permission, and/or prior express written consent.

### Fourth Affirmative Defense

Mr. Scofield's claims are barred in whole or in part by his established business relationship with Window Nation.

### Fifth Affirmative Defense

Window Nation maintained and implemented reasonable practices, policies and procedures designed to apply with applicable laws and regulations, and any alleged violation, which is denied, occurred despite good-faith efforts.

### Sixth Affirmative Defense

The statutory damages and penalties sought are unconstitutional under the Due Process Clause and Excessive Fines Clause facially and/or as applied.

### Seventh Affirmative Defense

Mr. Scofield's claims for injunctive relief are barred by the doctrine of unclean hands.

**Eighth Affirmative Defense**

The proposed classes are not ascertainable, are overbroad, and do not satisfy Rule 23's requirements of numerosity, commonality, typicality, adequacy, predominance, or superiority.

**Ninth Affirmative Defense**

Some or all claims are barred by applicable statutes of limitations and repose.

**Tenth Affirmative Defense**

Mr. Scofield's claims are barred in whole or in part by his fraudulent conduct.

**Eleventh Affirmative Defense**

Mr. Scofield's claims are barred in whole or in part to the extent that provisions of the TCPA do not apply to text messages.

**Twelfth Affirmative Defense**

Window Nation reserves the right to assert additional affirmative defenses as they become known through discovery.

WHEREFORE, Window Nation prays that the Court:

A. reject Mr. Scofield's request to certify any of the proposed classes;

B. reject any award compensatory, statutory, or treble damages in favor of Mr. Scofield or any member of any of the proposed classes;

C. refuse to award injunctive or any other nonmonetary relief in favor of Mr. Scofield or any member of any of the proposed classes;

D. enter judgment in favor of Window Nation on all claims;

E. award Window Nation all of its fees and costs, including attorneys' fees and any expert fees; and

F. enter such further relief in favor of Window Nation as the Court deems just and proper.

Respectfully submitted,

By: *s/ Colin A. Walker*
Colin A. Walker
Fairfield and Woods P.C.
1801 California Street, Suite 2600
Denver, Colorado 80202
Tel.: (303) 894 4450
Email: cwalker@fwlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of September 2026, I caused the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record as follows:

Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Tel.: (215) 225-5529
Email: a@perronglaw.com
*Attorneys for Plaintiff*

*s/ Colin A. Walker*
Colin Walker