IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:26-cv-03430-NYW-SBP

MICHAEL SCOFIELD, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WINDOW NATION, LLC,

Defendant.

---

## SCHEDULING ORDER

---

### 1. DATE OF SCHEDULING CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Fed. R. Civ. P. 16(b) Scheduling Conference is set for November 13, 2026, at 11:00 a.m., before Magistrate Judge Susan Prose in Courtroom A-502 of the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. (ECF No. 10.)

Counsel for Plaintiff Michael Scofield ("Plaintiff"):

Andrew Roman Perrong
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Tel.: (215) 225-5529
a@perronglaw.com

Counsel for Defendant Window Nation, LLC ("Defendant" or "Window Nation"):

Colin A. Walker
Fairfield and Woods P.C.
1801 California Street, Suite 2600
Denver, CO 80202

Tel.: (303) 894-4450
cwalker@fwlaw.com

Stephen A. Fogdall
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
Tel.: (215) 575-7050
sfogdall@dilworthlaw.com

## 2. STATEMENT OF JURISDICTION

The Court has federal question subject -matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). Plaintiff asserts that the Court has specific personal jurisdiction over Defendant, and that venue is proper in this District under 28 U.S.C. § 1391(b)(2), because the calls and text messages at issue were directed to Plaintiff, who resides in this District.

Defendant does not contest personal jurisdiction or venue.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff

Plaintiff alleges that Defendant violated the TCPA by placing telemarketing calls and text message calls promoting its replacement windows to Plaintiff's residential cellular telephone number, which has been registered on the National Do Not Call Registry since 2004, without his prior express written consent. Plaintiff alleges that, beginning on June 20, 2026, he received at least 23 calls and text message calls from Defendant, including at least seven calls on June 20, 2026 alone, and that a June 20, 2026 call left a voicemail message using a prerecorded voice. Plaintiff further alleges that, after he told Defendant's

representative during a June 23, 2026 appointment that he was not interested and asked to be placed on Defendant's internal do not call list, Defendant called him at least eight more times, and that certain of Defendant's calls did not transmit caller identification information that included Defendant's name even though name transmission was available from the calling carrier.

Plaintiff denies that he visited the renovizehome.com website identified in Defendant's Answer, denies that he submitted a request for information or consented to receive telemarketing calls or text messages from Defendant, and denies any established business relationship with Defendant. Defendant bears the burden of proving consent. Plaintiff scheduled the June 23, 2026 appointment only to identify the company that had been calling him, after the calls at issue had begun.

Plaintiff asserts four claims on behalf of himself and the following proposed classes: (1) violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c), on behalf of a National Do Not Call Registry Class; (2) violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1601(e), on behalf of a Telemarketing Caller ID Class; (3) violation of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(d), on behalf of an Internal Do Not Call Class; and (4) violation of 47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B), on behalf of a Robocall Class. Plaintiff seeks statutory damages, treble damages for knowing or willful violations, injunctive relief, class certification, and such other relief as the Court deems just and proper.

**b. Defendant**

Among other defenses identified in Window Nation's Answer, any calls and texts that Mr. Scofield received from Window Nation were at his express invitation, with his

permission, and with his prior express written consent. On June 20, 2026, at 4:05 pm MDT, Mr. Scofield visited https://renovizehome.com/window-contractors-near-me, a website operated by QuinStreet, Inc., a company that, among other things, assists homeowners in obtaining information about products or services that may be helpful for their home improvement projects and other needs. While using the website, Mr. Scofield responded to the question "What type of window project are you planning?" by clicking on an icon that stated "replace window." He indicated that he wanted to replace "3-5" windows. He entered his home address and his first and last name, then clicked on a button that said "Let's Finalize Your Details." This brought him to a page titled "Share Your Contact Details." He entered his phone number beginning with a 970 area code and his email address. Directly below the two boxes where he entered this information, the following language appeared, which was obvious to the eye, plainly visible, and readily apparent to a reasonable consumer:

By clicking "**Book with a pro finder**", I provide my express written consent and electronic signature authorizing Renovize Home and its Partners to contact me by phone call, SMS/text message, email, artificial intelligence (AI)-generated communications and prerecorded or automated technology at the contact information provided, even if my number is listed on a federal or state Do Not Call registry. Consent is not a condition of purchase. Message and date rates may apply. Reply STOP to opt out at any time. I also agree to the Privacy Policy, CCPA and Terms of Service.

Mr. Scofield clicked on a box next to this language, indicating that he had read it, then clicked on the "Book With A Pro Finder" button. Below that button was additional

language informing Mr. Scofield that "Your information will only be used to match you with verified contractors ready to assist with your project."

The word "Partners" was in blue font, in contrast with the surrounding words in black font, which any reasonable consumer would understand indicated that the word contained a hyperlink. Had Mr. Scofield clicked on the hyperlink, he would have seen a list of home improvement contractors, including Window Nation, that he was authorizing to contact him regarding the window-replacement project he purported to be engaged in.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

1. Plaintiff is a natural person residing in this District.

2. Defendant is a limited liability company headquartered in Maryland.

3. Defendant placed calls and sent text messages to Plaintiff's cellular telephone number, which begins with a 970 area code, between June 20 and June 22, 2026.

4. On June 20, 2026, at approximately 4:15 p.m. local time, Defendant left a voicemail message on Plaintiff's cellular telephone.

5. On June 23, 2026, Defendant's representative, Didrik Stefansson, visited Plaintiff's residence.

## 5. COMPUTATION OF DAMAGES

### a. Plaintiff

Plaintiff seeks statutory damages of $500 for each violation of the TCPA under 47 U.S.C. §§ 227(b)(3)(B) and 227(c)(5), and up to $1,500 for each violation found to have

been knowing or willful. Plaintiff alleges that he individually received at least 23 telemarketing calls and text message calls from Defendant. Damages (including class damages) will be calculated by multiplying the number of violations proven under each claim by $500, trebled to $1,500 for each knowing or willful violation. Plaintiff also seeks injunctive relief and costs as permitted by law.

Classwide statutory damages cannot presently be calculated because the number of calls, the number of affected telephone numbers, and the identities of the class members must be determined through discovery, including from the calling records of Defendant, its vendors, and its telephone carriers.

**b. Defendant**

Window denies that any calls or texts Mr. Scofield or proposed class members received violated the TCPA. Window Nation denies that it knowingly or willfully violated the TCAP. And Window Nation denies that certification of any class is appropriate. Therefore, Window Nation denies that Mr. Scofield or any proposed class member is entitled to alleged damages.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

**a. Date of Rule 26(f) meeting.**

The Fed. R. Civ. P. 26(f) meeting was held by telephone on October 26, 2026.

**b. Names of each participant and party he/she represented.**

Andrew Roman Perrong, Perrong Law LLC, for Plaintiff Michael Scofield.

Stephen A. Fogdall, Dilworth Paxson LLP, and Colin A. Walker, Fairfield and Woods P.C., for Defendant Window Nation, LLC.

**c. Statement of when Rule 26(a)(1) disclosures were made or will be made.**

The parties agreed to exchange their Fed. R. Civ. P. 26(a)(1) initial disclosures on or before November 12, 2026.

**d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).**

None.

**e. Statement concerning any agreements to conduct informal discovery.**

**Website and IP-address information.** Defendant's Answer alleges that Plaintiff visited https://renovizehome.com/window-contractors-near-me on June 20, 2026, and there submitted his contact information and consent to be called. Plaintiff denies visiting the website. At the Rule 26(f) meeting, Plaintiff asked Defendant to produce informally, in advance of formal discovery, the IP address and any other information in its possession, custody, or control concerning the alleged website visit, including any information identifying the device used. Defense counsel stated that the decision rests with Defendant but that counsel will recommend that Defendant agree to do so. Because internet service providers typically retain IP address subscriber records for only six months to one year, and the alleged visit occurred on June 20, 2026, Plaintiff has asked that this information be produced as promptly as possible so that Plaintiff can subpoena the relevant internet service provider(s) to identify the subscriber of record before those records are purged.

**Formal discovery to date.** Plaintiff has served his first set of written discovery requests on Defendant and has issued subpoenas to third parties.

**f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.**

The parties agree to cooperate to reduce discovery and litigation costs, including by producing documents electronically, conducting depositions remotely where appropriate, and using a unified exhibit numbering system if required by the practice standards of the judicial officer presiding over trial. The parties consent to electronic service of discovery documents. The parties will work together in good faith to resolve any issues that arise and will bring them to the Court if necessary.

**g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.**

Yes. The parties anticipate that discovery will involve electronically stored information ("ESI"), including: dialer, call detail, and text messaging records of Defendant and its vendors, call recordings and voicemail audio, customer relationship management and lead records, records concerning the alleged consent, Defendant's internal do not call records and policies, and telephone carrier records, including caller ID and CNAM records for the numbers identified in the Complaint.

The parties are aware of their obligations to preserve relevant ESI. The parties will confer regarding the form of production and anticipate that call and text records will be produced in native or other reasonably usable electronic format (such as .csv or .xlsx) and that audio recordings will be produced in native format. The parties will adhere to the Sedona Principles as directed in the Court's October 19, 2026 Order (ECF No. 10) and will submit a proposed Fed. R. Evid. 502(d) order as set forth in Section 8(e).

**h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.**

The parties discussed the possibility of a prompt settlement. The parties agree that

some discovery is needed before they can meaningfully assess the prospects for settlement. Plaintiff advised that he is seeking only a class wide resolution pending the outcome of that discovery. The parties do not believe alternative dispute resolution would be productive at this time but will revisit the issue as the case progresses.

## 7. CONSENT

All parties ☐ [have] ☒ [have not] consented to the exercise of jurisdiction of a magistrate judge.

The parties will file their Election Concerning Consent/Non-Consent to United States Magistrate Judge Jurisdiction on or before November 2, 2026, as directed in ECF No. 10.

## 8. DISCOVERY LIMITATIONS

**a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.**

**Plaintiff:** No modification. Plaintiff proposes the presumptive limits of ten depositions per side under Fed. R. Civ. P. 30(a)(2)(A)(i) and twenty-five interrogatories per party under Fed. R. Civ. P. 33(a)(1). Plaintiff opposes phased discovery for the reasons stated in Section 9.

**Defendant:** Window Nation proposes that there should be an initial period of discovery focused solely on the Mr. Scofield's individual claims, followed by a motion for summary judgment by Window Nation. Class proceedings should be limited to claims, if any, that survive the motion for summary judgment. Window Nation's position is that in

the initial discovery period on Mr. Scofield's individual claims, each party should be limited to one deposition.

**b. Limitations which any party proposes on the length of depositions.**

**Parties:** None. The presumptive limit of one day of seven hours under Fed. R. Civ. P. 30(d)(1) is appropriate.

**c. Limitations which any party proposes on the number of requests for production and/or requests for admission.**

**Parties:** None.

**d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:**

**Plaintiff:** Written discovery must be served so that responses are due on or before the discovery cutoff.

**Defendant:** Written discovery must be served so that responses are due on or before the discovery cutoff.

**e. Other Planning or Discovery Orders**

**Stipulated protective order.** The parties anticipate submitting a proposed stipulated protective order governing the confidentiality of discovery materials.

**Rule 502(d) order.** As directed in the Court's October 19, 2026 Order (ECF No. 10), the parties will file a proposed order under Fed. R. Evid. 502(d) on or before November 27, 2026.

**Internet service provider subpoenas.** Certain internet service providers will disclose subscriber information only pursuant to a court order. *See* 47 U.S.C. § 551(c)(2)(B). Plaintiff anticipates moving for such an order, if required, promptly after the relevant IP address and provider are identified.

## 9. CASE PLAN AND SCHEDULE

The parties disagree about whether discovery should be phased, and each side's proposed schedule is set out below.

**Plaintiff's position:** Discovery should proceed in a single, unified period followed by a motion for class certification. Bifurcation would be inefficient because the evidence relevant to Plaintiff's individual claims is the same evidence relevant to class certification. Phasing would require duplicative depositions of the same witnesses, invite disputes over the line between "merits" and "class" discovery, and delay third-party discovery of carrier and internet service provider records that are subject to limited retention periods.

**Defendant's position:** Window Nation proposes that there should be an initial period of discovery focused solely on the Mr. Scofield's individual claims, followed by a motion for summary judgment by Window Nation. Class proceedings should be limited to claims, if any, that survive the motion for summary judgment.

**a. Deadline for Joinder of Parties and Amendment of Pleadings:**

**Plaintiff:** January 8, 2027. Good cause supports a deadline beyond 45 days after the Scheduling Conference given the intervening holidays and because third-party discovery may identify additional parties responsible for the calls.

**Defendant:** Window Nation does not oppose January 8, 2027, for joinder or amendment.

**b. Discovery Cutoff:**

**Plaintiff:** May 14, 2027, for all fact and expert discovery.

**Defendant:** Window Nation proposes April 16, 2027 as the cutoff for all discovery.

**c. Dispositive Motion Deadline:**

**Plaintiff:** Plaintiff anticipates filing a motion for class certification and may file a motion for summary judgment and proposes the following deadlines:

Plaintiff's Motion for Class Certification/Summary Judgment: June 14, 2027.

Defendant's Opposition to Motion for Class Certification/Summary Judgment: July 14, 2027.

Plaintiff's Reply in Support of Motion for Class Certification/Summary Judgment: August 4, 2027.

**Defendant:** Window Nation's position is that no motion for class certification should be filed until after a motion for summary judgment on Mr. Scofield's individual claims has been adjudicated. Window Nation proposes May 21, 2027, as the date for it to file a motion for summary judgment. Plaintiff's response would be due on June 25, 2026. Window Nation's reply would be do on July 16, 2027.

**d. Expert Witness Disclosure:**

**1. The parties shall identify anticipated fields of expert testimony, if any.**

**Plaintiff:** Analysis of call detail, dialer, and text message records, telecommunications, caller ID, and CNAM practices, class member identification, including National Do Not Call Registry matching, analysis of voicemail recordings to determine whether they were prerecorded, and analysis of website, lead generation, and IP address data.

**Defendant:** Window Nation agrees with this description, without prejudice to identifying other areas as discovery progresses, and subject to its position that issues

with respect to class certification should be deferred until after Window Nation's motion for summary judgment on Mr. Scofield's individual claims has been adjudicated.

**2. Limitations which the parties propose on the use or number of expert witnesses.**

**Parties:** None.

**3. The parties shall designate all affirmative experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before the dates set forth below.**

**Plaintiff's proposed schedule:** Plaintiff shall designate affirmative experts on or before March 1, 2027. Defendant shall designate its experts, including experts responding to Plaintiff's experts and experts on any issue on which Defendant bears the burden of proof, on or before March 30, 2027.

**Defendant's proposed schedule:** Window Nation proposes that plaintiff's expert disclosures should be due on February 12, 2027. Window Nation's expert disclosures should be due on March 5, 2027.

**4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before the dates set forth below.**

**Plaintiff's proposed schedule:** The parties shall designate rebuttal experts, limited to rebutting opinions disclosed by the opposing party, on or before April 29, 2027.

**Defendant's proposed schedule:** Window Nation proposes March 26, 2027.

**e. Identification of Persons to Be Deposed:**

| ***Name of Deponent*** | ***Expected Length of Deposition*** |
|---|---|
| Rule 30(b)(6) designee(s) of Window Nation, LLC (by Plaintiff) | 5 hours |
| Plaintiff (by Defendant) | 5 hours |
| Rule 30(b)(6) designee of lead generator (by Plaintiff) | 3 hours |

The parties identify the deponents above in good faith based on the current record and reserve the right to depose additional witnesses identified in discovery, within the limits set by the Court. Under Defendant's phased proposal, depositions in the initial phase would be limited to Window Nation's Rule 30(b)(6) designee and Plaintiff.

## 10. DATES FOR FURTHER CONFERENCES

**a. Status conferences will be held at the following dates and times:**

[_Magistrate Judge to insert date and time_]

________________, 20__ at __ o'clock ____m.

**b. A final pretrial conference will be held at the following date and time:**

[_Magistrate Judge to insert date and time_]

________________, 20__ at __ o'clock ____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the Court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

**a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.**

The parties were unable to agree on whether discovery should be phased, with initial discovery limited to Plaintiff's individual claims and an early motion for summary judgment, and the resulting case schedule (Sections 8 and 9).

**b. Anticipated length of trial and whether trial is to the court or jury.**

Plaintiff has demanded a jury trial. The parties anticipate a jury trial of five days.

**c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S.**

**Courthouse/ Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse, 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.**

None. The parties request that all proceedings be held in Denver.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a), the Uniform Civil Practice Standards for Magistrate Judges, and any additional Order of the assigned Magistrate Judge regarding discovery dispute procedures [if any].

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

This scheduling order cannot be altered or amended except upon a showing of good cause.

DATED at ____________, Colorado, this ____ day of ____________ 20__.

BY THE COURT:

______________________________

Susan Prose
United States Magistrate Judge

APPROVED:

*s/ Andrew Roman Perrong*
Andrew Roman Perrong
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
(215) 225-5529
a@perronglaw.com

*Attorney for Plaintiff Michael Scofield*

*s/ Colin A. Walker*
Colin A. Walker
Fairfield and Woods P.C.
1801 California Street, Suite 2600
Denver, CO 80202
(303) 894-4450
cwalker@fwlaw.com

*s/ Stephen A. Fogdall*
Stephen A. Fogdall
Dilworth Paxson LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
(215) 575-7050
sfogdall@dilworthlaw.com

*Attorneys for Defendant Window Nation, LLC*