**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| MICHAEL SCOFIELD, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>WINDOW NATION, LLC,<br><br>*Defendant.* | Case No.<br>**1:26-cv-3430** |

**UNOPPOSED MOTION AND MEMORANDUM IN SUPPORT OF MOTION FOR AUTHORIZATION OF DISCLOSURE OF INFORMATION RESPONSIVE TO SUBPOENA FOR IP ADDRESS INFORMATION**

Pursuant to Fed. R. Civ. P. 26, the Plaintiff moves this honorable court to enter an order directing Comcast to release, and explicitly authorizing disclosure of, the subscriber identity, to include the name of the subscriber, address, contact telephone number, and e-mail address for the subscriber to the IP Address 71.56.196.205, pursuant to 47 U.S.C. § 551(c)(2)(B) and (h). This motion is not opposed by the Defendant. In support thereof, the Plaintiff states the following:

**INTRODUCTION**

As set forth in Plaintiff's complaint, Plaintiff received calls which he alleges violated the Telephone Consumer Protection Act ("TCPA") from the Defendant calling his phone number. Defendant has provided purported consent based on a purported website visit the Plaintiff is alleged to have committed. Plaintiff denies this allegation and denies ever having visited the website or directing or authorizing anyone else to do so.

Based on an investigation, the Plaintiff believes that the IP address of 71.56.196.205 was the IP address from which the website was visited and the Plaintiff's

alleged lead was submitted. Defendant contends that the opt-in was submitted on June 20, 2026. This IP address is assigned by the entity for which the subpoena is sought, Comcast, who assigned the IP address to a customer. Plaintiff denies that the IP address was assigned to him, and Plaintiff is desirous of identifying the subscriber of record for such IP address.

However, Comcast has refused to respond to a subpoena issued in this case on the basis that, as a cable operator, the customer information is protected under the Cable Communications Policy Act, 47 U.S.C. § 551. As such, the subscriber information for this IP address cannot be disclosed through subpoena in the absence of a court order.

This motion seeks the appropriate order under 47 U.S.C. § 551(c)(2)(B) and (h).

**LEGAL ARGUMENT**

Cases such as this are the paradigm for when courts should grant leave for subscriber information premised on an IP Address. For example, courts around the country routinely grant such requests in copyright infringement actions where the IP address is alleged to have been observed downloading copyrighted content. "In cases involving as-yet-unknown defendants, in which the plaintiff cannot serve its complaint—much less confer with the defendant—without obtaining identifying information from a third party, 'the only potential avenue for discovery is a court order under Rule 26(d)(1).'" *Strike 3 Holdings, LLC v. Doe*, 964 F.3d 1203, 1207 (D.C. Cir. 2020) (internal brackets and citations omitted) (emphasis added).

Here, failing to permit the issuance of a subpoena to Comcast for a singular IP address to ascertain the identity of the customer would make it impossible for the

parties to obtain crucial evidence regarding Defendant's affirmative defense of consent. Comcast's identification of the customer that is assigned the IP address will prove tremendously beneficial to the Court in this case as it proceeds in that it will narrow the issues related to the Defendant's consent defense and impact the further course of discovery. Moreover, identification of the customer assigned the IP address might provide critical insight into what actually happened in this matter.

The relevant statute here, 47 U.S.C. § 551(c), prohibits a cable operator like Comcast from disclosing "personally identifiable information concerning any subscriber" without that subscriber's consent or appropriate court order. Here, because the subscriber is not Plaintiff, and is unknown, the consent of the subscriber cannot be obtained. Therefore, the Court can order Comcast to disclose the identity "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). If presented with an appropriate court order, Comcast will produce the information after notifying the subscriber and providing the subscriber time to file a motion in this Court to contest the order.

The Plaintiff seeks discovery for specific, concrete, information pertaining to a singular IP address that is believed to have allegedly submitted the Plaintiff's information. As indicated above, the Plaintiff only seeks information to identify the name and contact information of the subscriber for that IP address, to include the name of the subscriber, address, contact telephone number, website, and e-mail address. This is a reasonable request and is narrowly tailored to protect the IP address subscriber's privacy interests. In cases alleging copyright infringement of sensitive adult content, for

example, courts have determined that similar subscriber identity information pertaining to a singular IP address was “highly specific.” *Malibu Media, LLC v. Doe*, No. 18-766, 2018 WL 2386068, at *3 (D. Conn. May 25, 2018).

Moreover, there exist no alternative means, other than the order sought, whereby the Plaintiff can obtain the subpoenaed information. Although the IP address is not the Plaintiff’s IP address, the Plaintiff has no clue whose IP address it is and is being forced to speculate as to the nature of the website visit in an insufficient manner such as to be able to adequately meet or address the issues of consent here. Identification of the subscriber of the IP address will go a long way to demonstrating and allowing the parties to address the issues of consent in this case. As a Court has previously remarked, “there is no practical way for plaintiff to learn the identity of the alleged infringer except through a subpoena on the Internet Service Provider;” the same is true here. *Malibu Media, LLC v. Doe*, No. 13-2864, 2013 WL 2392923, at *1 (E.D. Pa. May 31, 2013). There is no practical way to ascertain *who* submitted the internet lead except through a subpoena on the ISP for the identity of the subscriber assigned the IP Address that submitted it.

And the subscriber assigned the IP address has a minimal expectation of privacy. Courts have addressed some skepticism, founded in privacy and embarrassment concerns, when subscriber identities have been sought in connection with subpoenas for subscribers alleged to have downloaded adult pornographic materials. However, the circumstances of this case show that it is markedly different. The IP address information at issue here purports to a relatively benign set of facts–allegedly submitting one’s information to an advertising website. The majority of cases

even in the copyright infringement context have held limited privacy interests when one holds out information, such as one's IP address, not to mention other personal information submitted into the lead form here, let alone when regarding potentially sensitive adult content. *See in re Comcast Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003). Any entity illegally using Plaintiff's information or telephone number and submitting it onto websites has little privacy interest in its own name and address.

Plaintiff notes that courts frequently grant similar motions the TCPA and copyright infringement contexts when critical information pertaining to the calls at issue in the case and the identity of the caller are only available from a telecommunications provider. This is all the more the case when, as here, the records sought are particularly ethereal and subject to reduced retention periods, and where information may otherwise be irretrievably lost. *See, e.g.*, *Richardson v. Virtuoso Sourcing Grp.*, L.L.C., No. 8:15-CV-2198-T-17JSS, 2015 WL 12862517, at *1 (M.D. Fla. Oct. 27, 2015) (expedited discovery in TCPA case in the context of motion for default judgment). Given that the interests here are similar to those in existing cases and given that the risks involved in obtaining such information are nowhere near as potentially harmful or embarrassing as those of copyright infringement of sexual content, the court should grant this motion and issue the order directing Comcast to disclose customer information, to include the subscriber's name, address, and contact information, regarding the IP address 71.56.196.205 between June 19, 2026 at 00:00 UTC and June 21, 2026 at 23:59 UTC Coordinated Universal Time (UTC), as per 47 U.S.C. § 551(c)(2)(B).

## CONCLUSION

For the foregoing reasons, the Court should grant the instant unopposed motion and issue an order in the form provided.

RESPECTFULLY SUBMITTED AND DATED this November 18, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing via ECF on the below date.

Dated: November 18, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com